O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER SLOAT, | Case No. CV 09-0454-ODW (MLG) |
| Petitioner, | MEMORANDUM AND ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY |
| v. | |
| M. SMELOSKY, Warden, | |
| Respondent. | |

**I.   Factual and Procedural Background**

Petitioner is a state prisoner currently incarcerated at the Centinela State Prison in Imperial, California. He filed this petition for writ of habeas corpus on January 21, 2009. Because this is Petitioner's second petition challenging the identical underlying state court conviction, this petition must be dismissed as successive under 28 U.S.C. § 2244(b)(3)(A).

The petition challenges a November 2006 judgment from the Los Angeles County Superior Court, in which Petitioner was sentenced to a term of 13 years following conviction of three counts of assault with

a deadly weapon (automobile). Cal. Penal Code §§ 245(a)(1). The California Court of Appeal affirmed the conviction and sentence on November 20, 2007. The California Supreme Court denied review on January 23, 2008.

On February 29, 2008, Petitioner filed a petition for writ of habeas corpus in this court, challenging the judgment of conviction. *Sloat v. Almager*, Case No. CV 08-1420-ODW (MLG). In that petition, he raised claims of ineffective assistance of counsel and violation of his Fourteenth Amendment due process right to a fair trial. Noting that Petitioner had failed to raise the ineffective assistance of counsel claim in state court, this Court issued a Report and Recommendation on March 6, 2008, recommending that the petition be dismissed for failure to exhaust all claims. The Court vacated the Report and Recommendation on March 20, 2008, after Plaintiff filed a first amended petition withdrawing the unexhausted claim. On October 8, 2008, an order and judgment was entered denying the petition on the merits. No appeal was taken from this judgment.

The current petition reveals that in May 2008, while the previous federal habeas corpus petition was pending, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court raising the unexhausted ineffective assistance claim and an additional claim that his conviction was based on perjured testimony. The California Supreme Court denied that petition on October 16, 2008.

This petition followed. In this petition, Sloat again challenges the state court judgment entered in November 2006, this time raising the claims recently rejected by the California Supreme Court. For the reasons set forth below, the petition is ordered dismissed without prejudice to Petitioner's right to apply for leave to file a successive

petition with the United States Court of Appeals for the Ninth Circuit.

**II. Discussion.**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may summarily dismiss a habeas petition, *before the respondent files an answer,* "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." The notes to Rule 4 state: "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998). It is beyond question that this Court lacks jurisdiction to review this petition without authorization from the court of appeals. Accordingly, summary dismissal of this petition is warranted.

The present petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA"), enacted on April 24, 1996. Among other things, AEDPA amended 28 U.S.C. § 2244 to require that "[b]efore a second or successive application [for writ of habeas corpus] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) explicitly provides that a *second and/or successive* petition, like the one in this case, requires Ninth Circuit approval before it can be considered by the district court. *Burton v. Stewart,* 549 U.S. 147, 127 S.Ct. 793, 796 (2007). This Court must dismiss any second or successive petition unless the court of appeals

has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997); *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997), cert. denied, 519 U.S. 1102 (1997); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

A claim in a second or successive habeas petition which was not previously presented may be considered if the petitioner shows that the claim relies upon a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2)(A). However, a petitioner is still required to seek authorization from the court of appeals in order to have the district court consider the petition. 28 U.S.C. § 2244(b)(3)(A), *see also Reyes v. Te Vaughn*, 276 F.Supp.2d 1027, 1030 (C.D.Cal. 2003) ("[T]o the extent that petitioner would like to show that he falls within one of the exceptions to dismissal of successive habeas petitions, 28 U.S.C. § 2244(b)(2)(B), he must first present any such claim to the Court of Appeals rather than to this Court.")[1]

This petition was filed without leave of the Ninth Circuit. Until the Ninth Circuit authorizes the filing of this petition, this Court lacks jurisdiction to consider the merits. *See Burton,* 127 S.Ct. at 799; *Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th Cir. 2001); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)(district court lacks subject matter jurisdiction to consider second or successive petition). Thus, dismissal of the petition without prejudice is required.

---

[1] Moreover, Petitioner has not shown that the Supreme Court has held *Cunningham* to be retroactive on collateral review.

4

**III. Order.**

In accordance with the foregoing, IT IS HEREBY ORDERED that the petition is DISMISSED without prejudice to petitioner's applying to the United States Court of Appeals for the Ninth Circuit for leave to file a second or successive petition.

IT IS FURTHER ORDERED that the clerk shall serve a copy of this order on Petitioner and the Attorney General for the State of California.

Dated: _January 28, 2009

_____
Otis D. Wright, II
United States District Judge

Presented by:

_____
Marc L. Goldman
United States Magistrate Judge